## JOHN PETTIGREW *v.* THE STATE.

THEFT — IDIOCY — EVIDENCE.— In a trial for horse-theft, the inculpatory evidence consisted of the defendant's unexplained possession of the animal soon after it was stolen, and the defense was such mental imbecility as absolved the accused from amenability. Note the evidence which is held insufficient to sustain the conviction, and also the proof which is held sufficient to show legal irresponsibility.

APPEAL from the District Court of Bell. Tried below before the Hon. B. W. RIMES.

The case is clearly stated in the opinion.

*Harris & Saunders*, for the appellant.

*C. Edmundson*, for the State.

WILLSON, J.    The defendant was indicted for the theft of a mare, and was convicted, and his punishment assessed at confinement in the penitentiary for five years.

The evidence to support the charge is substantially as follows:    The mare was the property of J. N. Rape.    She was stolen from him in Hill county on the 4th day of September, 1881.    A few days after the mare was stolen in Hill county, the defendant had the mare at his father's house in Bell county.    The defendant had been absent from his father's about two years, but it does not appear where he had been during this two years.    No other facts were proved connecting the defendant with the theft of the mare.    The fact of possession stands alone, to support the conviction.

On the part of the defendant it was proved that he was about 21 years of age; that he was very weak-minded, had scarcely any mind at all in some things, and was particularly deficient in memory and reason; that he could not count one hundred and could not learn to count, and could never learn anything at school.    Several witnesses

VOL. XII — 15

who had known him from childhood testified that in their opinion he did not have as much intellect or mind as a child ten or twelve years old, and not enough to know right from wrong; that he has always been regarded in the community in which he lived as a fool, and not responsible for his acts, on account of his want of mind.

We think the evidence insufficient to support the verdict, and that the court below should have set it aside and granted the defendant a new trial. We are also of opinion that the evidence establishes such a deficiency of intellect as renders the defendant irresponsible for crime. (*Thomas* v. *State*, 40 Texas, 60; *Webb* v. *State*, 5 Texas Ct. App. 596; *Williams* v. *State*, 7 Texas Ct. App. 163.)

The judgment is reversed and the cause remanded.

*Reversed and remanded.*